**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4643**

—————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

COURTNEY LEE DUNN,

              Defendant – Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:09-cr-00293-FL-1)

—————————

Submitted:  December 15, 2010      Decided:  January 10, 2011

—————————

Before GREGORY, AGEE, and KEENAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Courtney Lee Dunn pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Dunn to 108 months of imprisonment and he now appeals. Finding no error, we affirm.

Dunn first challenges the district court's imposition of a departure sentence pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3 (2009). We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. Finally, this court considers the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id.

2

When reviewing a departure, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Under USSG § 4A1.3(a)(1), "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." We have thoroughly reviewed the record and conclude that the district court's decision to upwardly depart was reasonable, the extent of the departure is reasonable and supported by the record, and the court adequately explained both its decision to depart and the extent of its departure.

Dunn next argues that the court failed to adequately explain the chosen sentence. A district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). While "[t]his individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." Id. at 330

(internal quotation marks and citation omitted). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory Guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted). Having reviewed the record, we conclude that the district court's extensive statements at sentencing sufficiently explained the court's rationale underlying the sentence, and that the court adequately responded to the parties' nonfrivolous sentencing arguments.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4